STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

BENJAMIN K. KLEINMAN (NYBN 5358189)
Special Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Benjamin.kleinman2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 4:22-mj-70336-MAG |
|---|---|---|
| Plaintiff, | ) ) | MEMORANDUM IN SUPPORT OF THE MOTION BY THE UNITED STATES FOR DETENTION |
| v. | ) ) | |
| NICOLAS WEST, | ) ) ) | Date: April 4, 2022<br>Time: 10:00 a.m.<br>Court: Honorable Kandis A. Westmore |
| Defendant. | ) ) ) ) | |

## INTRODUCTION

The defendant, Nicolas WEST, is both a danger to the community and a flight risk and should be detained pending the resolution of this case. The defendant, while on probation for possessing a firearm, exchanged gunfire in Oakland. During the shootout, an innocent bystander was shot and killed. While the defendant did not shoot the bystander, the danger of exchanging gunfire on a crowded city street is underscored by the tragic aftermath of the incident.

In addition to the dangerousness of the defendant's conduct, he also poses a flight risk as he has failed follow the Court's instructions while on supervision. As previously stated, the defendant was on probation for a felony conviction for possessing a firearm at the time of the shootout. *See* Dkt. 111

(Pretrial Bail Report) at 6.  Furthermore, the instant matter is the defendant's third firearms possession offense. *See id*.

Given the defendant's use of a firearm in the instant matter, his continued possession of firearms, as well as his lack of compliance with Court orders, there is clear and convincing evidence that he is both a danger to the community and a flight risk.  Accordingly, the defendant should be detained pending trial.

## BACKGROUND

### I. OFFENSE CONDUCT AND PROCEDURAL HISTORY

On or about July 7, 2021, in the vicinity of LT Liquors, 7717 Bancroft Avenue, Oakland, CA, the defendant was captured on video surveillance removing what appears to be a black semi-automatic pistol with a high-capacity magazine from his waistband, standing up, and firing multiple shots as he moved westbound along the south sidewalk in front of the store.  9mm casings were recovered in the area where WEST was observed on video surveillance returning fire.  The Oakland Police Department lab conducted a microscopic comparison of the casings and determined that they were fired from the same firearm.  As outlined in the criminal complaint, the affiant, Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter "ATF") Special Agent Christopher Bailey stated that, "WEST sustained a gunshot wound to his groin area.  Based on the fact that WEST's gunshot wound was in his groin area, which corresponds to angle in which WEST retrieved the firearm from his waistband, I believe that . . . cartridge case (34) was from WEST accidentally shooting himself in his groin area as he attempted to retrieve the firearm."  Dkt. 1, at pg. 5.

On March 17, 2022, the defendant was charged, via criminal complaint, with one count of felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) for his conduct on July 7, 2021, and a warrant was issued for his arrest by the Honorable Judge Donna M. Ryu, United States Magistrate Judge in the Northern District of California.  On March 24, 2022, the defendant was arrested on state warrants, and on March 29, 2022, the defendant was brought into federal custody.  On March 30, 2022, the defendant was arraigned on the above-mentioned charge before the Honorable Judge Ryu, and a detention hearing was scheduled for April 4, 2022.

## ARGUMENT

**I.   LEGAL STANDARDS**

The Bail Reform Act of 1984 permits pretrial detention of a defendant without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary to prove both. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B). A finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Motamedi*, 767 F.2d at 1406. "[T]he Bail Reform Act mandates an [1] individualized evaluation [2] guided by the factors articulated in § 3142(g)." *See United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Categorical grants or denials of bail, not tethered to an individualized determination, are impermissible. *Id*. Consideration of factors outside the articulated factors set forth in Section 3142 is also disfavored. *Id*.

The Court must consider four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

**II.   THE DEFENDANT IS A DANGER TO THE COMMUNITY AND A FLIGHT RISK**

The defendant was observed firing multiple rounds on a city street in Oakland.[1] The seriousness of the charged offense is reinforced by statutory mandate. Congress passed Section 922(g) of the United States Code to "disarm groups whose members Congress believes are unable or unwilling to conduct themselves in conformity with the responsibilities of citizenship." *United States v. Torres*, 911 F.3d

---

[1] The government intends to show a clip of the shooting captured on video surveillance during the detention hearing.

1253, 1264 (9th Cir. 2019) (internal quotation marks omitted).  That statutory goal bears directly on the question of detention here because, as demonstrated by his use of a firearm despite being a prohibited person on probation for a firearms possession offense, the defendant does not "[conform] with the responsibilities of citizenship." *Id.*  Pretrial Services also recommends that the defendant be detained, citing that he poses a "danger to the community." Dkt. 6, at 11.  The government is in agreement with the assessment of Pretrial Services.

As for the weight of the evidence, under § 3142(g)(2), this factor also favors detention because this is a very strong case for the government.  Here, microscopic ballistics analysis, video surveillance, and body worn camera footage, corroborate the government's case.[2] *See* Dkt. 1.  While the weight of the evidence is deemed the least important factor by case law, such information can help establish dangerousness and must still be considered.  *United States v. Hir*, 517 F.3d 1081, 1090 (9th Cir. 2008) (finding that "the weight of the evidence clearly and convincingly establishe[d]" a likelihood that the defendant would pose a danger if released).  Likewise, evidence of the defendant's guilt "makes it more likely that he will flee," particularly considering the term of imprisonment that the defendant potentially faces in the instant matter.  *United States v. Gebro*, 948 F.2d 1118, 1122 (9th Cir. 1991). Therefore, given the overwhelming weight of the evidence against the defendant, he is more likely to flee.

Finally, the defendant's criminal history and performance under Court supervision, which are considered under § 3142(g)(3), also favor detention. There is little indication that the defendant will follow the Court's instructions if released. As previously stated, the defendant was on probation when he engaged in a shootout in Oakland. *See* Dkt. 6, at 6.  The instant matter is not the only time the defendant has failed to comply with Court supervision.  As outlined in the Pretrial Bail Report, "Deputy Probation Officer Bingham reported that during their last telephonic conversation, she reminded Mr. West that he needed to self-surrender to OPD for an outstanding 2019 warrant.  In 2021, Mr. West failed to appear for court. . . ." *Id.* at 9.  The report further notes that the last communication the deputy probation officer had with the defendant was June 2021, which is the month before the shooting. *See id.*  The defendant has consistently demonstrated that he does not follow court orders.

---

[2] As noted in the criminal complaint, the defendant did not admit to the shooting.

**CONCLUSION**

For the foregoing reasons, the Court should grant the government's motion to detain the defendant pending trial.

DATED: April 4, 2022                                    Respectfully submitted,

                                                        STEPHANIE M. HINDS
                                                        United States Attorney

                                                        /s/ *Benjamin K. Kleinman*
                                                        BENJAMIN K. KLEINMAN
                                                        Special Assistant United States Attorney